Filed 9/30/22  In re A.M. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re A.M. et al., Persons Coming Under the Juvenile Court Law. | B318307 (Los Angeles County Super. Ct. No. 19CCJP06066A–C) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. R.M., Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Ashley Price, Judge Pro Tempore.  Conditionally affirmed and remanded with directions.

Susan Davidson, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, William Thetford, Principal Deputy County Counsel, for Plaintiff and Respondent.

Sarah Devore, Children's Law Center 3, for Minors.

―――――――――――――――――――――――

R.M. (mother) appeals from orders appointing a legal guardian for her children, A.M., L.P., and B.P. (children), pursuant to Welfare and Institutions Code section 366.26, contending that the matter should be remanded for compliance with the inquiry and notice requirements of the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) and related California statutes (Welf. & Inst. Code, § 224 et seq.). No interested party filed a respondent's brief; instead, counsel for mother, minors, and the Los Angeles County Department of Children and Family Services (Department) filed a joint application and stipulation for conditional affirmance and remand to the juvenile court for compliance with ICWA and the issuance of an immediate remand.

This case involves reversible error because the parties agree, and we concur, there was noncompliance with the inquiry requirements of ICWA and related California provisions. (*In re H.V.* (2022) 75 Cal.App.5th 433, 438; *In re Charles W.* (2021) 66 Cal.App.5th 483, 489.) That is, the Department failed to inquire of known maternal relatives, for instance maternal grandmother B.M. and maternal aunt B.M., whether the children were or might be Indian children even though the Department had

2

contacts with these family members.  The parties also agree—
and, after reviewing the entire record we concur—that "there is
no reasonable possibility the interests of nonparties or the public
will be adversely affected by the requested conditional affirmance
and remand, and the reasons for requesting remand outweigh the
erosion of public trust and the decreased incentive for pretrial
settlement.  (See Code of Civ. Proc., § 128, subd. (a)(8).)"

## DISPOSITION

The juvenile court's orders appointing a legal guardian for
the children under Welfare and Institutions Code section 366.26
are conditionally affirmed and remanded for proceedings required
by this opinion.  On remand, the court shall order the
Department to make reasonable efforts to interview all available
extended maternal relatives about the possibility of the children's
Indian ancestry and to report on the results of the Department's
investigation.  Nothing in this disposition precludes the court
from ordering additional inquiry of others having an interest in
the children.  Based on the information reported, if the court
determines that no additional inquiry or notice to tribes is
necessary, the orders appointing a legal guardian for the children
shall remain in place.  If additional inquiry or notice is
warranted, those orders are reversed, and the court shall make

3

all necessary orders to ensure compliance with ICWA and related California law.

    The remittitur shall issue forthwith.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



                          KIM, J.



I concur:



    MOOR, J.

In re A.M. et al.
B318307


BAKER, Acting P. J., Dissenting


I would reject the parties' stipulation to remand the matter to the juvenile court. This court cannot properly make the findings required by Code of Civil Procedure section 128, subdivision (a)(8). (See *In re Rashad H.* (2000) 78 Cal.App.4th 376, 380 ["[T]here could be an adverse effect on the adoptive parents' rights if there were a stipulated reversal of a Welfare and Institutions Code section 366.26 parental termination rights order. A stipulated reversal could further delay the conclusion of the adoption process"].) There is a good case to be made that substantial evidence supports the juvenile court's Indian Child Welfare Act determination. (*In re H.V.* (2022) 75 Cal.App.5th 433, 441 (dis. opn. of Baker, J.); see also *In re Ezequiel G.* (2022) 81 Cal.App.5th 984; *In re J.S.* (2021) 62 Cal.App.5th 678, 688 [applying substantial evidence standard of review].)


                    BAKER, Acting P. J.